DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| United States of America, | ) | CASE NO. 4:07 CR 231 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | ANALYZING THE SENTENCING |
| | ) | FACTORS SET FORTH IN 18 U.S.C. |
| Ronald Dean Wells, | ) | SECTION 3553(a) |
| | ) | |
| Defendant. | ) | |

### I. Introduction

The Court conducted the sentencing hearing of the defendant Ronald Wells.  The Court determined the advisory sentencing guideline range provided that the defendant's total offense level was 17 with a criminal history category of III calling for a sentencing range under the advisory sentencing guidelines of 30 to 37 months.  At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 32 months with supervised release for a period of two years together with an order of restitution in the sum of $56,189.00.

### II.  The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

(4:07 CR 231)

### (1)  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

During the period from approximately 1996 through 2002, Mr. Wells and others would file tax returns containing false, fictitious, and fraudulent claims for income tax refunds with the Internal Revenue Service (IRS) in the names of various persons who actually were or had been prisoners incarcerated at Ohio correctional institutions, and to obtain the proceeds of the resulting tax refund checks for the personal use of the co-conspirators.

Mr. Wells obtained the names and social security numbers of various other State of Ohio prisoners to use as purported tax refund claimants, most of them without their knowledge.  The defendant generally hand-wrote and personally forged the claimants' names on the false returns. For the tax years of 2000 and 2001, Mr. Wells caused 35 fraudulent income tax returns to be filed with the IRS, containing false and fictitious tax refund claims totaling $236,851.  Based on eleven of these false claims, the IRS issued eleven tax refund checks totaling approximately $56,189, which were negotiated by co-conspirators or other persons assisting the defendant, the proceeds of which were distributed as directed by the defendant.

The defendant's acceptance of responsibility is set forth in paragraph 19 of the presentence report as follows:

> On May 22, 2007, the defendant mailed a signed written statement which stated the following:
>
> "I am making this statement to explain to the Probation Office my acceptance of responsibility for my actions in participating in a conspiracy to file fraudulent tax returns in the Northern District of Ohio.  While incarcerated at an Ohio Correctional Facility, I and others obtained social security numbers of inmates, which were then used to fill out false income tax returns.  I apologize to the

2

(4:07 CR 231)

> Court, to the United States, and especially to my family for participating in this offense.  I fully accept responsibility for my criminal actions, and deeply regret being involved in these activities.  I will never make the mistake of being involved in illegal activity again."

During the sentencing hearing conducted on July 3, 2007, counsel for the defendant developed the scenario whereby, once the Internal Revenue Service began to investigate the defendant's fraudulent conduct, the defendant cooperated fully with the investigation conducted by the Internal Revenue Service. He admitted his involvement.   Counsel for the government agreed with the defendant's counsel's assessment and recommended a sentence at the lower range of the advisory sentencing guideline computation, but argued for a consecutive sentence.

The defendant was born on November 21, 1961 and is presently 45.  The defendant, at the age of 22, was convicted of aggravated murder and sentenced to a term of imprisonment of 20 years to life in prison.  The sentence was imposed in 1984.  Apparently, the judgment of conviction was reversed and remanded to the Ohio Court of Appeals in April, 1993.  However, as indicated in paragraph 34 of the presentence report, the original sentence was subsequently upheld and the defendant is now scheduled for the next parole hearing in September of 2008.

The defendant has never married and reports having no children.  He indicates that he is in good physical health and has not suffered from any major injury or illness.

The defendant reports that he graduated from high school and while incarcerated, has obtained an Associate's Degree in Business and a Bachelor's Degree in Computer Science.  The defendant has also completed several vocational programs.

(4:07 CR 231)

The defendant reports serving in the United States Air Force, but concedes that he was dishonorably discharged in 1981.

The defendant was one of three children born to the union of his mother and father.  His parents were divorced when he was a child and he resided with his mother and two sisters with whom he maintains monthly contact.  The defendant also reports that he continues to maintain monthly contact with his mother and his father.

**(2)   The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

It seems remarkable that the defendant was successful in persuading Internal Revenue Service to issue fraudulent refund checks for 11 fellow inmates.  It is apparent that the defendant is well educated and has the capacity to engage in the type of criminal conduct that would be beyond the capacity of most persons.  The Court considers the offense of the defendant to be serious and is of the view that the sentence should be at the higher range of the advisory guideline range in order to promote respect for the law and to provide just punishment for the offense.

**(B)  to afford adequate deterrence to criminal conduct;**

It is obviously debatable whether the defendant, upon release from incarceration, will commit to a law-abiding existence.  The defendant is obviously sufficiently educated to perform appropriate lawful employment.  Under these circumstances, the Court is of the view that a sentence of at the higher range of the advisory guideline range is necessary to afford adequate deterrence to the possibility of further criminal conduct by the defendant and any other inmate

4

(4:07 CR 231)

presently incarcerated who should endeavor to follow in the defendant's successful footsteps in defrauding the Internal Revenue Service.

**(C)  to protect the public from further crimes of the defendant;**

The Court has no way of knowing whether the Ohio Pardon and Parole Commission will release the defendant from further confinement for his homicide conviction.  The defendant is on 45; he has demonstrated the ability to improve his educational background and it appears probable that he will be placed on parole in the near future notwithstanding his conviction in this case.  The Court will require that the defendant's sentence be served consecutive to his sentence for homicide.  The Court is of the view that a sentence for 32 months will likely protect the public from further crimes of the defendant.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The Court finds no basis for additional educational, vocational training or medical care while serving the 32 months consecutive sentence.

**CONCLUSION**

For the reasons set forth herein, a sentence of 32 months with supervised release for two years and within the advisory guideline range and to be served consecutive to the defendant's

5

(4:07 CR 231)

term of imprisonment for homicide in the State of Ohio, is a sentence sufficient, but not greater

than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).


      IT IS SO ORDERED.


  July 3, 2007                           */s/ David D. Dowd, Jr.*
Date                                  David D. Dowd, Jr.
                                          U.S. District Judge

6